Penny L. Koepke
pkoepke@hoalaw.biz
Maxwell & Morgan, P.C.
4854 E. Baseline Road, Suite 104
Mesa, Arizona 85206
Telephone (480) 833-1001

[Additional counsel appearing on signature page]

*Attorneys for Plaintiff and the Classes*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Fred Heidarpour and Sidney Naiman, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>Arch Insurance Company, and Affinity Insurance Services, Inc. d/b/a Aon Affinity, a Pennsylvania corporation,<br><br>Defendants. | Case No. 2:20-cv-00968-MTL<br><br>**FIRST AMENDED**<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiffs Fred Heidarpour and Sidney Naiman brings this First Amended Class Action Complaint and Demand for Jury Trial ("Complaint") against Defendants Arch Insurance Company ("Arch") and Affinity Insurance Services, Inc. d/b/a Aon Affinity ("Aon") seeking damages and restitution arising from Defendants' unlawful conduct towards Plaintiffs and other similarly-situated travel insurance policyholders. Plaintiffs and the members of the alleged Class purchased a travel insurance policy underwritten by Arch and administered by Aon which included an array of travel-related coverage protections for both pre-and post-departure perils. Plaintiffs' trip (and the trips of the alleged Class Members) were subsequently canceled due to the COVID-19 pandemic prior to departure, but

1

Plaintiffs and the alleged Class did not receive any pro rata refund for the portion of the policy premium paid for post-departure coverages that were unearned by Defendants because of the cancellation of those trips. Plaintiffs, for their Complaint, allege as follows upon personal knowledge as to themselves and their own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by their attorneys.

## PARTIES

1. Plaintiff Fred Heidarpour is a natural person and resident of Scottsdale, Maricopa County, Arizona.

2. Plaintiff Sidney Naiman is a natural person and resident of Scottsdale, Maricopa County, Arizona.

3. Defendant Arch Insurance Company is a corporation organized and existing under the laws of the State of Missouri with its principal place of business located in Jersey City, New Jersey. Defendant conducts business throughout this District, the State of Arizona, and the United States.

4. Defendant Affinity Insurance Services, Inc. is a corporation organized and existing under the laws of the Commonwealth of Pennsylvania with its principal place of business located in Chicago, Illinois. Defendant does business as Aon Affinity, conducts business throughout this District, the State of Arizona, and the United States.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over the subject matter of this action under the Class Action Fairness Act, 28 U.S.C. § 1332(d), *et seq.* ("CAFA") because there are over 100 class members, there is minimal diversity, and there is over $5,000,000 at issue when the claims of the Classes are aggregated. None of the exceptions to CAFA applies.

6. This Court has personal jurisdiction over Defendants because Defendants conduct a significant amount of business in this District, made and continue to sell insurance policies to persons in this District, and because the wrongful conduct giving rise to this case occurred in and was directed to this District.

7. Venue is proper in this District under 28 U.S.C. § 1391(b) because Defendants conduct a significant amount of business within this District and because the wrongful conduct giving rise to this case occurred in and was directed to this District.

## COMMON FACTUAL ALLEGATIONS

8. Travel insurance products provide reimbursement in the event of financial loss or hardship related to travel. Travel insurance is available to cover a wide array of perils associated with travel, including both pre-departure risks, such as the possibility that a traveler will lose pre-paid nonrefundable deposits or payments if a trip needs to be canceled prior to departure, as well as risks that arise exclusively post-departure, such as interruption of a trip, medical or dental emergencies during a trip, and baggage being lost, stolen or damaged during a trip. By its nature, this second category of coverages is insurance coverage providing indemnification for travel related perils that can only arise after travel is underway.

9. Arch underwrites travel insurance policies which are administered by co-Defendant Aon.

10. Defendants' travel insurance plans group together insurance protection for various risks and sell that protection in a bundle. Typically, the more potential perils covered by the policy, the more expensive the premium for all of the coverages combined within a single policy. Premium increases with risk.

11. Defendants' travel plans include some coverage that is only applicable

3

1  after a trip has departed, meaning that Defendants are at no risk of having to cover
2  the associated risk until actual travel by the insured commences. Such coverage
3  includes trip delay, a missed connection, medical emergencies, evacuations, lost
4  baggage, and delayed baggage.

5      12.    Defendants can readily identify the pro rata share of the gross premium
6  which is attributable to each policy benefit purchased by each insured.

7      13.    Defendants refuse to return any portion of the gross premiums paid for
8  its travel plans for trips that are cancelled and never take place, including the
9  portion of the premiums paid for coverage of post-departure risk even though
10 Defendants never assumed those risks. In other words, Defendants were never at
11 risk of having to cover the perils of actual travel because the travel never took
12 place. As a result, Defendants have failed to provide any consideration in return for
13 the portion of the premiums paid in advance to cover post-departure perils.

14     14.    Such refusal to return the unused premium to policyholders is unjust
15 and unlawful.

## FACTS SPECIFIC TO PLAINTIFF

17     15.    Plaintiffs Heidarpour and Naiman booked a cruise with Norwegian
18 Cruise Line on September 25, 2019.

19     16.    At the time of booking in September 25, 2019, Plaintiffs also
20 purchased Defendants' World Travel Holdings LeisureCare travel insurance policy
21 to protect their trip.

22     17.    The cruise was to depart on May 29, 2020.

23     18.    However, due to the COVID-19, Norwegian canceled Plaintiffs'
24 cruise. Plaintiffs were notified of the cancellation on April 24, 2020.

25     19.    Norwegian refunded Plaintiffs for the cost of the cruise, however
26 Defendants refuse to issue any refunds for the travel insurance purchased in relation

to the now-canceled cruise.

20. Defendants' practice of failing to refund any portion of the premiums paid is systematic and uniform when an insured trip is canceled.

21. To redress these injuries, Plaintiff, on behalf of herself and the Classes of similarly situated individuals, seeks appropriate injunctive relief, and an award of actual damages to the class members, together with costs and reasonable attorneys' fees.

## CLASS ALLEGATIONS

22. Plaintiff brings this action pursuant to Federal Rule of Civil Procedure 23(b)(2) and Rule 23(b)(3) on behalf of herself and all others similarly situated and seeks certification of the following Class:

> All persons in the United States who (1) purchased a single trip travel insurance plan from Defendants; (2) which included coverages applicable only to post-departure risk; (3) whose trips associated with the plan were canceled prior to the scheduled departure; and (4) did not receive a refund from Defendants for the portion of the insurance premium designed to cover post-departure benefits.

23. The following individuals are excluded from the Class: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendants, their subsidiaries, parents, successors, predecessors, and any entity in which Defendants or their parents have a controlling interest and their current or former employees, officers and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the Class; (5) the legal representatives, successors or assigns of any such excluded persons; and (6) persons whose claims against Defendants have been fully and finally adjudicated and/or released. Plaintiff anticipates the need to amend the class definitions following appropriate discovery.

5

24. **Numerosity**: The exact size of the Class is unknown and not available to Plaintiff at this time, but it is clear that individual joinder is impracticable. On information and belief, Defendants have sold thousands are travel insurance policies for trips that have been canceled prior to departure and has failed to provide any refunds of the unearned premiums. Class members can be easily identified through Defendants' records.

25. **Typicality**: Plaintiff'' claims are typical of the claims of other members of the Class, in that Plaintiff and the members of the Class sustained damages arising out of Defendants' uniform wrongful conduct.

26. **Adequate Representation**: Plaintiff will fairly and adequately represent and protect the interests of the Class and have retained counsel competent and experienced in class actions. Plaintiff have no interests antagonistic to those of the Class, and Defendants have no defenses unique to Plaintiffs. Plaintiff and their counsel are committed to vigorously prosecuting this action on behalf of the members of the Class and have the financial resources to do so. Neither Plaintiffs nor their counsel have any interest adverse to the Class.

27. **Commonality and Predominance**: There are many questions of law and fact common to the claims of Plaintiff and the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to the following:

   a. Whether Defendants retained unearned, risk-free premiums paid exclusively for post-departure perils;

   b. Whether by virtue of a trip being canceled prior to departure Defendants faced any risk of having to cover post-departure perils;

   c. Whether by virtue of a trip being canceled prior to departure Defendants provided any consideration in exchange for premiums paid to cover post-departure perils;

   d. Whether it is unjust for Defendants to retain the portion of the premiums paid for post-departure coverage when a trip is canceled prior to departure; and

   e. The proper measure of damages.

28. **Superiority & Manageability**: This case is additionally appropriate for class certification under Rule 23(b)(3) because class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy. Joinder of all parties is impracticable, and the damages suffered by the individual members of the Class will likely be relatively small, especially given the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the individual members of the Class to obtain effective relief from Defendants' misconduct. Even if members of the Class could sustain such individual litigation, it would still not be preferable to a class action, because individual litigation would increase the delay and expense to all parties due to the complex legal and factual controversies presented in this Complaint. By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single Court. Economies of time, effort and expense will be fostered and uniformity of decisions ensured. Also, there are no pending governmental actions against Defendants for the same conduct.

29. **Conduct Similar Towards All Class Members:** By committing the acts set forth in this pleading, Defendants have acted or refused to act on grounds substantially similar towards all members of the Classes so as to render final

injunctive relief and corresponding declaratory relief appropriate so as to warrant certification under Rule 23(b)(2).

# FIRST CAUSE OF ACTION
## Unjust Enrichment
### (On Behalf of Plaintiffs and the Class)

30. Plaintiffs repeat and reallege the above paragraphs of this Complaint and incorporates them herein by reference.

31. Defendants have been unjustly enriched at the expense of Plaintiffs and the alleged Class as a result of Defendants' misconduct.

32. Plaintiffs and the Class conferred a benefit upon Defendants in the form of premiums paid and Defendants, by refusing to refund the unearned premiums, have retained that benefit without lawful justification.

33. When a trip is canceled prior to departure, it is unjust for Defendants to retain the premiums paid for post-departure benefits because Defendants are never at risk of having to pay any post-departure benefits.

34. Defendants' retention of these premiums is also unjust because they have provided no consideration in return for the premiums paid for post-departure benefits.

35. Defendants refuse to refund premiums without a valid basis—its policies do not set forth the right of Defendants to withhold refund of premiums paid for post-departure benefits in the event a trip is canceled prior to departure.

# PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs Fred Heidarpour and Sid Naiman, individually and on behalf of the Class, pray for the following relief:

A. An order certifying the Class as defined above, appointing Plaintiff as the representative of the Class, and appointing his counsel as Class Counsel;

8

      B.    An award of actual monetary loss from such violations, all to be paid into a common fund for the benefit of the Plaintiff and the Class Members;

      C.    An order declaring that Defendants' actions, as set out above, are unjust and inequitable;

      D.    An order requiring Defendant to disgorge any ill-gotten funds acquired as a result of its unlawful practices;

      E.    An injunction protecting the interests of the Class;

      F.    An award of reasonable attorneys' fees and costs to be paid out of the common fund prayed for above; and

      G.    Such other and further relief that the Court deems reasonable and just.

## JURY DEMAND

Plaintiff requests a trial by jury of all claims that can be so tried.

Respectfully submitted,

Dated: July 20, 2020

**FRED HEIDARPOUR AND SID NAIMAN**, individually and on behalf of all others similarly situated,

By:  /s/ Patrick H. Peluso
       One of Plaintiff's Attorneys

Penny L. Koepke
pkoepke@hoalaw.biz
Maxwell & Morgan, P.C.
4854 E. Baseline Road, Suite 104
Mesa, Arizona 85206
Telephone (480) 833-1001

Patrick H. Peluso*
ppeluso@woodrowpeluso.com
Taylor T. Smith*
tsmith@woodrowpeluso.com
Woodrow & Peluso, LLC
3900 East Mexico Avenue, Suite 300
Denver, Colorado 80210

9

Telephone: (720) 213-0675
Facsimile: (303) 927-0809

Attorneys for Plaintiff and the Class

* *Pro Hac Vice admission to be sought*