1  Markham R. Leventhal (DC Bar No. 489597)
2  CARLTON FIELDS, P.A.
   Suite 400 West
3  1025 Thomas Jefferson Street, NW
   Washington, DC 20007
4  mleventhal@carltonfields.com
   Telephone:  (202) 965-8189
5  [*Other Counsel of Record Listed Below*]
6  *Attorneys for Defendants*
   *Arch Insurance Company and*
7  *Affinity Insurance Services, Inc.*
8

9               IN THE UNITED STATES DISTRICT COURT
10                FOR THE DISTRICT OF ARIZONA
11
   Fred Heidarpour and Sidney Naiman,
12 individually and on behalf of all others     Case No. CV-20-968-PHX-MTL
   similarly situated,
13
14          Plaintiffs,                         **DEFENDANT AFFINITY
                                                INSURANCE SERVICES, INC.'S
15 v.                                           ANSWER AND DEFENSES TO
                                                FIRST AMENDED CLASS
16                                              ACTION COMPLAINT**
   Arch Insurance Company and Affinity
17 Insurance Services, Inc. d/b/a Aon Affinity,
18          Defendants.
19
20
21         Defendant Affinity Insurance Services, Inc. ("Aon Affinity") hereby answers the
22 First Amended Class Action Complaint (Doc. 18) (the "Complaint") by denying each and
23 every allegation contained in the Complaint that is not expressly admitted below,
24 including the preamble section on pages 1-2 of the Complaint, and by responding to the
25 individually numbered paragraphs of the Complaint as follows:
26
27
28

# **ANSWER**

## PARTIES

1.      Aon Affinity lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 1 and therefore denies those allegations.

2.      Aon Affinity lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 2 and therefore denies those allegations.

3.      Paragraph 3 fails to assert an allegation against Aon Affinity and therefore no response is required.

4.      Aon Affinity admits only that it is incorporated in Pennsylvania, and that its principal place of business is located in Chicago, Illinois.  Aon Affinity denies all other allegations of paragraph 4.

## JURISDICTION AND VENUE

5.      Aon Affinity does not at this time contest that subject matter jurisdiction exists over this action.

6.      Denied.

7.      Denied.

## COMMON FACTUAL ALLEGATIONS

8.      Paragraph 8 fails to assert an allegation against Aon Affinity and therefore no response is required.

9.      Admitted.

10.     To the extent paragraph 10 purports to describe the terms of the travel insurance plans sold by Defendants ("Plans"), the Plans speak for themselves, and Aon Affinity denies all allegations of paragraph 10 that are not consistent with the Plans.  Aon Affinity denies all other allegations of Paragraph 10.

11.     To the extent paragraph 11 purports to describe the terms of the Plans, the Plans speak for themselves, and Aon Affinity denies all allegations of paragraph 11 that

are not consistent with the Plans.  Aon Affinity denies all other allegations of Paragraph 11.

12.   Denied.

13.   Denied.

14.   Denied.

FACTS SPECIFIC TO PLAINTIFF

15.   Aon Affinity lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 15 and therefore denies those allegations.

16.   Aon Affinity admits that Plaintiffs Fred Heidarpour and Sidney Naiman ("Plaintiffs") each purchased a World Travel Holdings LeisureCare Individual Travel Protection Policy (the "Policy") on September 25, 2019 in connection with the purchase of travel arrangements including a cruise.

17.   Admitted.

18.   Aon Affinity lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 18 and therefore denies those allegations.

19.   Denied.

20.   Denied.

21.   Aon Affinity admits only that the Plaintiffs have filed what purports to be a class action, but Aon Affinity denies that class action treatment is appropriate and further denies that the Plaintiffs or any putative class member is entitled to any of the relief requested in the Complaint.

CLASS ALLEGATIONS

22.   Aon Affinity admits only that the Plaintiffs have filed what purports to be a class action and have defined a proposed class, but Aon Affinity denies that class action treatment is appropriate and further denies that the Plaintiffs or any putative class member is entitled to any of the relief requested in the Complaint.

23.     Aon Affinity admits only that the Plaintiffs purport to exclude various individuals from their proposed class, but Aon Affinity denies that class action treatment is appropriate and further denies that the Plaintiffs or any putative class member is entitled to any of the relief requested in the Complaint.

24.     Denied.

25.     Denied.

26.     Denied.

27.     Denied, including all subparts.

28.     Denied.

29.     Denied.

## FIRST CAUSE OF ACTION

### Unjust Enrichment

30.     Aon Affinity incorporates its responses to paragraphs 1 through 29 as if fully set forth herein.

31.     Denied.

32.     Denied.

33.     Denied.

34.     Denied.

35.     Denied.

### PRAYER FOR RELIEF

Aon Affinity denies that the Plaintiffs are entitled to judgment against it, and further denies that Plaintiffs are entitled to represent a class or to any of the relief sought in the Complaint's "Prayer for Relief," including all subparts, on pages 8 and 9 of the Complaint, or any other relief that may be requested elsewhere in the Complaint.

To the extent page 9 of the Complaint demands "a trial by jury of all claims that can be so tried," Aon Affinity denies that Plaintiffs have alleged any viable claims for which a trial would be necessary or appropriate.

## AFFIRMATIVE AND OTHER DEFENSES

### First Defense

The Complaint fails to state a claim upon which relief may be granted.

### Second Defense

The Complaint fails to state a claim for unjust enrichment because an express contract governs the relationship of the parties, and because the contract between the parties addresses the subject of refunds and does not provide for the type of partial refund demanded in the Complaint.

### Third Defense

The Complaint fails to state a claim against Aon Affinity because Aon Affinity collects and holds all travel insurance premiums in trust in a fiduciary capacity for the benefit of Arch Insurance Company ("Arch").  Any contractual liability to provide a premium refund, even if it existed (which it does not), would not be the obligation or responsibility of Aon Affinity.  Aon Affinity owes no duty to provide Plaintiffs with the type of refund sought in the Complaint.

### Fourth Defense

The Complaint fails to state a claim against Aon Affinity because the Plans at issue disclose that the role of Aon Affinity under the Plans is that of an agent for Arch.

### Fifth Defense

The claims asserted in the Complaint are barred to the extent that the Plaintiffs or members of the putative class seek relief based on acts or omissions that occurred beyond the applicable statute of limitations and/or statute of repose.

### Sixth Defense

Under the terms and conditions of the Plans, the risk attaches for all coverages upon purchase of the Plans, and neither Plaintiffs nor any putative class members are entitled to any refunds for post-departure coverages.  Aon Affinity has not unjustly, unfairly, nor deceptively retained any portion of the premiums paid by Plaintiffs and the

putative class.  Aon Affinity did not engage in any unlawful conduct, and no act or omission of Aon Affinity caused the Plaintiffs and putative class members any wrongful injury for which Plaintiffs would be entitled to recover damages or any kind of relief from Aon Affinity.

### Seventh Defense

The claims asserted in the Complaint are barred because at all times Aon Affinity acted reasonably and in good faith in dealing with the Plaintiffs and putative class members based on a reasonable interpretation of the Plans.

### Eighth Defense

The claims for restitution and disgorgement in the Complaint are barred because Aon Affinity has not accepted nor retained any benefit under inequitable circumstances. The claims are also barred to the extent they seek disgorgement or return of monies not in Aon Affinity's possession.

### Ninth Defense

The claim for unjust enrichment in the Complaint against Aon Affinity fails because Aon Affinity did not receive a direct benefit from the Plaintiffs or the putative class members in connection with the conduct alleged in the Complaint.

### Tenth Defense

The claims asserted in the Complaint are barred by the voluntary payment doctrine because the Plaintiffs and/or putative class members voluntarily purchased Plans knowingly and intelligently and without mistake of fact as to the cost of the Plans.

### Eleventh Defense

The claims for restitution and disgorgement in the Complaint are precluded because such recovery would constitute an excessive penalty and forfeiture in violation of Aon Affinity's Eighth Amendment and federal and state due process rights, applicable statutory provisions, and rules of equity.

### Twelfth Defense

The claims asserted in the Complaint are barred, in whole or in part, because Aon Affinity did not breach any duty owed to the Plaintiffs or putative class members.

### Thirteenth Defense

The claims asserted in the Complaint are barred, in whole or in part, because any relief to Plaintiffs or putative class members would provide them with an inequitable windfall.

### Fourteenth Defense

The claims asserted in the Complaint are precluded or limited, in whole or in part, because the Plaintiffs and other putative class members failed to mitigate their alleged damages and failed to exhaust other available remedies.

### Fifteenth Defense

The equitable relief sought in the Complaint is barred by the existence of an adequate remedy at law.  Additionally, injunctive relief is not available where the loss is compensable by money damages.

### Sixteenth Defense

All claims in the Complaint are barred to the extent that Plaintiffs or any putative class members lack standing to assert the claims alleged.  The claims asserted in the Complaint are based on Plaintiffs' alleged right to a premium refund from Arch and, thus, Plaintiffs suffered no injury in fact that is fairly traceable to any action of Aon Affinity. Plaintiffs and the putative class members also lack standing to pursue injunctive relief because, among other reasons, they cannot show that they are likely to suffer future injury.

### Seventeenth Defense

The Complaint fails to allege a legal basis for the relief claimed, including without limitation, a failure to allege any basis for a claim for attorneys' fees and costs.

**Eighteenth Defense**

Plaintiffs' claims are barred because they had actual or constructive knowledge that the amounts paid to purchase their Plans were refundable only during the 10-day period following purchase of the Plans; Plaintiffs nevertheless decided to keep their Plans with actual or constructive knowledge that after 10 days the entire cost of the Plans was nonrefundable.  The claims asserted in the Complaint are barred, in whole or in part, by the doctrines of ratification, consent, estoppel, laches, and/or unclean hands.

**Nineteenth Defense**

The claims asserted in the Complaint are barred, in whole or in part, by the doctrine of waiver.

**Twentieth Defense**

The claims asserted in the Complaint are barred in whole or in part by the doctrine of accord and satisfaction.

**Twenty-First Defense**

Aon Affinity is entitled to a setoff against any damages awarded in this case, for any and all payments made by any collateral source, and for any benefits paid under the terms of the travel insurance policies.

**Twenty-Second Defense**

The claims asserted in the Complaint are barred to the extent Plaintiffs or putative class members attempt to rely on parol evidence to vary, supplement, or amend the terms of their written agreements.

**Twenty-Third Defense**

The Court lacks personal jurisdiction over Aon Affintiy with respect to the claims of putative class members who are nonresidents of Arizona or whose alleged claims accrued outside Arizona.

### Twenty-Fourth Defense

The Complaint fails to allege a proper class action because, among other things, Plaintiffs are not adequate representatives of the putative class described in the Complaint; Plaintiffs' claims are not typical of the claims of other members of the class described in the Complaint; common issues of law and fact do not predominate over individual issues; the putative class described in the Complaint is not manageable or ascertainable; and a class action is not superior to other available methods for the fair and efficient adjudication of the purported claims for relief alleged in the Complaint. Additionally a class may not be certified under Federal Rule of Civil Procedure 23(b)(2) where, as here, money damages are sought. Plaintiffs' proposed class definition is also improper, overbroad, and not ascertainable. The Defendants reserve all available defenses under Rule 23 and applicable case law.

### Twenty-Fifth Defense

The claims pled in the Complaint are precluded or barred with respect to those putative class members whose intent or understanding in entering into the insurance contract was consistent with Aon Affinity's interpretation of the Plans.

### Twenty-Sixth Defense

The claims of some members of the putative class are barred, in whole or in part, by the doctrines of res judicata, judicial estoppel, collateral estoppel and/or settlement and release.

### Twenty-Seventh Defense

All claims asserted in the Complaint are barred because no act of the Defendants caused any injury to the Plaintiffs, who received the exact insurance policy and coverage they contracted to purchase.

### Twenty-Eighth Defense

Defendants are not responsible for any damages caused, in whole or in part, by the independent, intervening, or superseding acts of third parties.

**Twenty-Ninth Defense**

Defendants are not responsible, and are not the legal or proximate cause of any damages resulting from any acts, representations, or omissions by third parties that were not authorized and/or were not performed with the actual, implied, or apparent authority of Defendants.

**Thirtieth Defense**

Some of all of the claims asserted in the Complaint are barred, in whole or in part, because the matters complained of were adequately disclosed to the Plaintiffs and they failed to read documents provided to them which disclosed such matters.  Plaintiffs and putative class members have received the benefit of their bargain.

**Thirty-First Defense**

Some of all of the claims asserted in the Complaint are barred, in whole or in part, because the terms and conditions of the insurance that is the subject of the Complaint complied with all applicable statutes, regulations, and filed rate requirements, and the policy forms and rates were appropriately filed in all jurisdictions where required, invoking the filed rate and filed forms doctrines.

**Thirty-Second Defense**

The Complaint, insofar as it relates to alleged conduct that is subject to the jurisdiction of one or more regulatory or administrative agencies, is subject to the exclusive or primary jurisdiction of those regulatory or administrative agencies.  Alternatively, the Complaint is barred by the absence of any private right of action with regard to conduct submitted to the discretion of a regulatory or administrative agency.

**Thirty-Third Defense**

Plaintiffs' claims and those of putative class members are barred to the extent that state agencies having jurisdiction over the business practices of the insurer have approved the practices challenged in the Complaint.

### Thirty-Fourth Defense

To the extent that third parties other than the Defendants are at fault with respect to the matters complained of in the Complaint, and/or any alleged harm or damages suffered, any recovery by Plaintiffs or members of the class should be reduced by the proportion of such harm or damages, if any, caused by such other third parties.

### Thirty-Fifth Defense

Any claim for attorneys' fees is barred by the American rule.

### Thirty-Sixth Defense

As a matter of constitutional right and substantive due process, Aon Affinity would be entitled to contest by jury trial its liability to any particular individual plaintiff or class member, even if the purported representatives of the putative class prevail on their claims.   Trying this case as a class action would violate the United States Constitution and the Arizona Constitution.

Aon Affinity reserves its right to assert all available defenses and to add any other affirmative defenses as may be revealed by further investigation and discovery in this case.

WHEREFORE, Aon Affinity, having fully and completely responded to each and every allegation and claim in the Complaint, prays that the Plaintiffs take nothing, that the claim against Aon Affinity be dismissed in its entirety, that Aon Affinity recover its attorney's fees and costs for defending this action, and for such other and further relief as the Court deems just and proper.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Dated this 3rd day of August, 2020.

/s/  Markham R. Leventhal
Markham R. Leventhal
DC Bar No. 489597
CARLTON FIELDS, P.A.
Suite 400 West
1025 Thomas Jefferson Street, NW
Washington, DC 20007
mleventhal@carltonfields.com
Telephone:  (202) 965-8189

Julianna Thomas McCabe
FL Bar No. 355010
Michael N. Wolgin
FL Bar No. 42962
CARLTON FIELDS, P.A.
Miami Tower, Suite 4200
100 S.E. Second Street
Miami, Florida 33131
jtmccabe@carltonfields.com
mwolgin@carltonfields.com
Telephone:  (305) 530-0050

Katelyn M. Sandoval
NY Bar No. 5580758
CARLTON FIELDS, P.A.
405 Lexington Avenue, 36th Floor
New York, New York 10174
ksandoval@carltonfields.com
Telephone: (212) 380-9630

*Attorneys for Defendants*
*Arch Insurance Company and*
*Affinity Insurance Services, Inc.*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 3rd day of August, 2020, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on the following counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF:

Penny L. Koepke, Esq.                    Patrick H. Peluso, Esq.
Maxwell & Morgan, P.C.                   Taylor T. Smith, Esq.
4854 E. Baseline Rd., Suite, 104         Woodrow & Peluso, LLC
Mesa, Arizona 85206                      3900 East Mexico Ave., Suite 300
Telephone: (480) 833-1001               Denver, Colorado 80210
pkoepke@hoalaw.biz                       Telephone:  (720) 213-0675
                                         Facsimile:  (303) 927-0809
*Counsel for Plaintiffs*                 ppeluso@woodrowpeluso.com
                                         tsmith@woodrowpeluso.com

                                         *Counsel for Plaintiffs*


                                                 /s/  Markham R. Leventhal

123126349

13