**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Fred Heidarpour and Sidney Naiman, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>Arch Insurance Company and Affinity Insurance Services, Inc. d/b/a Aon Affinity, a Pennsylvania corporation,<br><br>Defendant. | Case No. CV-20-968-PHX-MTL<br><br>**JOINT PROPOSED CASE MANAGEMENT REPORT** |

Plaintiffs Fred Heidarpour ("Heidarpour") and Sidney Naiman ("Naiman") (collectively "Plaintiffs") and Defendants Arch Insurance Company ("Arch") and Affinity Insurance Services, Inc. d/b/a Aon Affinity ("Aon") (collectively "Defendants") jointly submit this Proposed Case Management Report pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, and the Court's Order Setting Telephonic Scheduling Conference (Doc. 21).

**1. The counsel who attended the Rule 26(f) meeting and assisted in developing the Joint Proposed Case Management Report:**

In accordance with Fed. R. Civ. P. 26(f), a meeting was held on August 13, 2020, and was attended by:

Taylor T. Smith, on behalf of Plaintiffs and the alleged Class.

Michael N. Wolgin and Katelyn M. Sandoval, on behalf of Defendants.

All counsel of record subsequently assisted in completing the Joint Case Management Report.

**2.   A list of all parties in the case, including any parent corporations or entities:**

<u>Plaintiffs</u>

(1) Fred Heidarpour;

(2) Sidney Naiman; and

(3) Plaintiffs seek to represent a Class of similarly situated individuals.

<u>Defendants</u>

(1) Arch Insurance Company.

Arch Insurance Company is a wholly-owned subsidiary of Arch Reinsurance Company, whose ultimate parent is Arch Capital Group Ltd., a publicly-traded company.

(2) Affinity Insurance Services, Inc. d/b/a Aon Affinity.

Affinity Insurance Services, Inc. is a wholly-owned subsidiary of Aon Services Group, Inc., whose ultimate parent is Aon plc, a publicly-traded company.

**3.   A short statement of the nature of the case, including a description of each claim, defense, and affirmative defense:**

<u>Plaintiffs' Position:</u> The case challenges Defendants' unjust retention of unearned travel insurance premiums. Specifically, Defendants' refusal to refund any portion of its travel insurance premiums related to trips that were cancelled as a result of the COVID-19 pandemic. Instead, Defendants—despite facing no risk associated with the policies—unjustly retained the premiums paid by consumers.

The facts are straightforward: On September 25, 2019, Plaintiffs booked a cruise with Norwegian Cruise Line scheduled to depart on May 29, 2020. At the time of booking, Plaintiffs each purchased Defendants' World Travel Holdings LeisureCare

Individual Travel Protection Policy (the "Policy"). Unfortunately, due to the COVID-19 pandemic, Norwegian cancelled Plaintiffs' scheduled cruise. Norwegian refunded Plaintiffs for the cost of the cruise, however, Defendants refused to refund any portion of the premiums for the Policy related to the cancelled Norwegian cruise. Accordingly, Plaintiffs, on behalf of themselves and a Class of similarly situated individuals, bring this action to put an end to Defendants' unlawful actions and to require Defendants to disgorge all ill-gotten funds.

Defendants' Position:

On September 25, 2020, Plaintiffs Heidarpour and Naiman each booked a cruise and air travel through a travel agency for themselves and their companions to Scandinavia, Russia, and the Baltic on Norwegian Cruise Line ("Norwegian"), scheduled to depart on May 29, 2020 and return on June 7, 2020.  During the booking process for their respective trips, Mr. Heidarpour and Mr. Naiman each purchased a LeisureCare travel protection plan for $478.00 each.  The LeisureCare plans include a travel insurance policy underwritten by Arch (the "Policy").[1]  The Policy provides a number of different benefits, including reimbursement for certain expenses and nonrefundable deposits in the event the trip is cancelled or interrupted for covered reasons, for example, due to sickness or illness of the insured or a traveling companion before or during the trip.

The Policy provides for a full refund for any reason during the first 10 days after purchase (the 10-day "free look" period):

> If You are not satisfied for any reason, You may return Your policy in writing to Aon Affinity … within 10 days after receipt. Your premium will be refunded, provided You have not already departed on the Trip or filed a claim. When so returned, all coverages under the policy are void from the beginning.

---

[1] Aon is a marketing agent and claims administrator with respect to the Policy. Aon is not an insurance company and does not underwrite insurance policies or provide insurance coverage.

Policy at 1.  After the 10-day free look period, the premium is non-refundable.  There are no provisions in the insurance contract providing for a partial refund of any kind after the free look period expires.

On or about March 7, 2020, after the Policy had been inforce for nearly half a year, Norwegian cancelled the cruise.  The Complaint alleges that Norwegian provided a full refund to Plaintiffs of the cost of the cruise, meaning that the Plaintiffs suffered no loss and did not need to use the travel insurance Policy.  In this action, Plaintiffs contend that, because their trip was cancelled before the date of departure, they are legally entitled to a *partial refund* of the cost paid for the Policy.  Specifically, Plaintiffs claim that they should receive a "pro rata refund for the portion of the policy premium paid for post-departure coverages."  The Complaint asserts a single claim for unjust enrichment.

Plaintiffs' partial refund theory is unsupportable and without merit.  First, there is no contractual requirement in the Policy or other legal obligation on the part of Arch or Aon to return part of the premium paid for a single indivisible Policy of insurance after the 10-day refund period expires.  Because the parties' relationship is governed by an express written contract, unjust enrichment as a legal theory does not apply.  The Plaintiffs cannot use an equitable doctrine like unjust enrichment to re-write the contract.

Second, the entire premise of Plaintiffs' partial refund theory is erroneous.  Plaintiffs contend that "Defendants never assumed th[e] risks" for post departure coverages.  Contrary to Plaintiffs' theory, however, Arch (as the insurance carrier) assumes the risk of loss for all coverages, pre-departure and post-departure, upon purchase of the Policy.  There are many contingencies and events that can occur after purchase of the Policy and before departure which can increase the risk of loss for post-departure coverages, but the insurer is bound to the coverage and cannot cancel the policy or increase the price—it has assumed the risk of loss.  The fact that an actual loss may not occur until after departure does not determine when risk of loss attaches.

Defendants also contend that the claims for restitution and disgorgement in the complaint are barred because Defendants have not accepted nor retained any benefit under inequitable circumstances and Plaintiffs have received the benefit of their bargain. Defendants aver that the voluntary payment doctrine also bars Plaintiffs' claims because Plaintiffs voluntarily purchased the policies knowingly and intelligently and without mistake of fact as to their cost. Defendants likewise aver that Plaintiffs' claims are barred by the doctrines of ratification, consent, estoppel, laches and unclean hands because Plaintiffs had actual or constructive knowledge that after the 10-day free look period, the entire cost of the policy was nonrefundable.

Regarding the class allegations of the Complaint, because the Plaintiffs have no viable claims themselves, they cannot represent a putative "class."  In addition, the proposed class definition, which is national in scope, is defectively overbroad and would include numerous individuals who used their insurance, filed claims, or accepted credits or vouchers.  Plaintiffs proposed class would also invoke the laws of all 50 states, rendering the class unmanageable and failing the requirement that common issues predominate over individual issues under Rule 23(b)(3).  Defendants reserve all of their defenses to class certification under Rule 23.

**4.     A description of the principal factual and legal disputes in the case:**

Plaintiffs' Position:

(1) Whether it is unjust for Defendants to retain the premiums paid for post-departure benefits when, as here, Defendants face no risk of having to pay any post-departure benefit.

(2) Whether there was any consideration in return for the premiums paid by Plaintiffs and the alleged Class.

(3) Whether Defendants faced any risk associated with of having to cover post-departure perils;

(4) Whether the proposed class can be certified as a class action in accordance with

1        Rule 23 of the Federal Rules of Civil Procedure;

2   (5) Whether declaratory relief and/or injunctive relief is appropriate; and

3   (6) The proper measure of damages.

<u>Defendants' Position:</u>

(1) Whether Plaintiffs fail to state a claim for unjust enrichment as a matter of law, and whether the claim is without any merit, given that an express contract (the Policy) governs the relationship of the parties and that contract addresses the subject matter of refunds and does not provide for the partial refund that Plaintiffs seek.

(2) Whether Plaintiffs' claim for unjust enrichment lacks merit given that Arch assumes the risk of loss upon purchase of the Policies.

(3) Whether Plaintiffs waived or are estopped or are barred by the doctrine of unclean hands from asserting their alleged equitable claims because they knew or should have known that the Policies were not refundable after the expiration of the free-look period and elected to keep the Policies.

(4) Whether the equitable relief sought in the Complaint is barred by the existence of an adequate remedy at law.

(5) Whether the injunctive relief sought in the Complaint is barred given that the alleged loss is compensable by money damages.

(6) Whether the proposed class can be certified under Fed. R. Civ. P. 23, including whether all prerequisites and factors under the rule have been satisfied.

**5.** **The jurisdictional basis for the case, citing specific jurisdictional statutes:**

Plaintiffs allege that this Court has jurisdiction over the subject matter of this action under the Class Action Fairness Act, 28 U.S.C. § 1332(d), *et seq.* ("CAFA") because there are over 100 putative class members, there is minimal diversity, and there is over $5,000,000 at issue when the claims of the Class are aggregated. None of the exceptions to CAFA applies. Defendants do not at this time contest that subject matter jurisdiction exists

over this action. No issues exist as to personal jurisdiction or venue with respect to the Plaintiffs, and no parties remain to be served.

**6.   Any parties that have not been served and any parties that have been served but have not answered or otherwise appeared:**

All parties have been served and there are no issues with service.

**7.   A statement of whether any party expects to add additional parties to the case or otherwise to amend pleadings:**

At this time, no party expects to add any additional parties or amend the pleadings. However, the parties reserve the right to amend to add additional parties that may be identified in discovery.

**8.   A listing of contemplated motions and a statement of the issues to be decided by those motions:**

Plaintiffs' Position: Plaintiffs intend to move for class certification following an appropriate period of class discovery. Plaintiffs also intend to move for summary judgment after a class has been certified. Plaintiffs may also need to file a motion to amend the pleadings as appropriate.

Defendants' Position: Defendants intend to move for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure on all claims asserted by Plaintiffs.

**9.   The prospects for settlement and potential methods for conducting settlement, including (a) whether the case is suitable for reference to a United States Magistrate Judge for a settlement conference, and (b) any other request of the Court for assistance in settlement efforts:**

The parties do not request Court assistance with settlement talks at this time. The parties reserve the right to request a judicial settlement conference after initial discovery has taken place.

**10.  Whether any aspect of the case is suitable for reference to a special master or to a United States Magistrate Judge**

The parties do not consent to referring an aspect of the case to a Special Master or a United States Magistrate Judge.

11. **The status of any related cases pending before this or other courts:**

The parties are not aware of any related cases.

12. **A discussion of any issues relating to preservation, disclosure, or discovery of electronically stored information ("ESI"), including the parties' preservation of ESI and the form or forms in which it will be produced:**

Plaintiffs anticipate significant discovery of electronically stored information. The parties anticipate that they can address and resolve any potential issues that may arise regarding the production of ESI.

13. **A discussion of any issues relating to claims of privilege or work product:**

The parties agree to prepare and produce a privilege log with respect to all documents, electronically stored information, things and oral communications withheld on the basis of a claim of privilege or work product protection except the following: written and oral communications between a party and its counsel after commencement of the action and work product material created after commencement of the action.

14. **A discussion of necessary discovery within the scope of Rule 26(b)(1), and should include:**

*(a) The extent, nature, and location of discovery anticipated by the parties;*

Plaintiffs' Position: Discovery is needed regarding certain threshold issues that will materially advance the case:

    (1) Defendants' insurance agreement with Plaintiffs;

    (2) All persons who purchased a single trip travel insurance plan from Defendants whose trips associated with the plan were canceled prior to departure;

    (3) The ability to identify all individuals who purchased a single trip travel insurance plan from Defendants whose trips associated with the plan were canceled prior to departure;

    (4) Defendants' policies and procedures in place regarding the cancellation of trips;

  (5) Whether Defendants faced any risk associated with of having to cover post-departure perils; and

  (6) The proper measure of damages.

Defendants' Position: Defendants do not agree that all of the information above is properly within the scope of discovery under Rule 26(b)(1), and Defendants expect that the parties will negotiate in good faith regarding the scope of discovery.

Defendants will seek discovery regarding all relevant matters, including:

  (1) Facts surrounding Plaintiffs' purchases of the trips at issue;

  (2) Facts surrounding Plaintiffs' purchases of the LeisureCare plans ("Plans");

  (3) Documents and correspondence Plaintiffs received related to the Plans;

  (4) Plaintiffs' failure to request a refund within ten days of purchase;

  (5) Cancellation of Plaintiffs' trips by Norwegian Cruise Line;

  (6) Plaintiffs' correspondence related to the cancellation of Plaintiffs' trips;

  (7) Plaintiffs' contentions that the failure to pay a partial refund of insurance premium is "unjust" (Compl. ¶ 33); and

  (8) Defendants' defenses to class certification.

*(b) Suggested changes to discovery limitations; and*

*(c) The number of hours permitted for each deposition, unless extended by agreement of the parties;*

The parties do not propose any changes to the discovery limitations or length of depositions provided by the Federal Rules of Civil Procedure.

**15. Proposed Deadlines**

Plaintiffs' Position: Discovery should proceed with respect to both class certification and merits issues for a period of ten (10) months. The first eight (8) months will be devoted to written and oral fact discovery. The final two (2) months of this period will be devoted to experts. Following the close of this initial ten (10) month discovery period, the parties will brief class certification. Following a ruling on class certification

the Court would hold a subsequent case management conference and establish a schedule for the remainder of the case, including a period for any remaining merits-based discovery, and dates for summary judgment briefing, pre-trial conferences, and the trial.

<u>Defendants' Position</u>: Defendants agree that discovery does not need to be bifurcated and may proceed with respect to both class and merits issues. Defendants agree to deadlines of 8 months for fact discovery and 2 additional months for expert discovery. Defendants also agree with a class certification motion deadline shortly after the close of discovery. Defendants, however, do not agree to the need for a subsequent case management conference to postpone other deadlines. Defendants have proposed a dispositive motion deadline of October 5, 2021, and Defendants believe the Court can set this case for trial and for a pretrial conference on a date convenient for the Court. Defendants also do not agree that additional discovery should be permitted after the deadline to complete fact discovery.

The parties propose the following schedule, with disagreements noted with respect to the deadlines subsequent to the briefing addressing the motion for class certification:

| **Event** | **Proposed Deadlines** |
|---|---|
| Motion to Amend Pleadings and/or Add Parties | November 12, 2020 |
| File Proposed Stipulated Protective Order | October 2, 2020 |
| Complete Fact Discovery & Complete FRCP 26(a)(3) Disclosures | April 16, 2021 |
| Plaintiffs' Expert Disclosures Due | April 23, 2021 |
| Defendants' Expert Disclosures Due | May 7, 2021 |
| Rebuttal Expert Disclosures Due | May 21, 2021 |

| | |
|---|---|
| Complete Expert Discovery | June 18, 2021 |
| Engage in Good Faith Settlement Discussions | June 18, 2021 |
| Plaintiffs to File Motion for Class Certification | June 25, 2021 |
| Defendants to File Opposition to Class Certification | August 9, 2021 |
| Plaintiffs to File Reply ISO Motion for Class Certification | August 30, 2021 |
| Subsequent Case Management Conference | <u>Plaintiffs</u>: TBD: to be set after a ruling on class certification<br><br><u>Defendants</u>: No case management conference necessary unless at that time deemed necessary by the Court. |
| File Dispositive Motions | <u>Plaintiffs</u>: TBD<br><br><u>Defendants</u>: October 5, 2021 |

16. **Request for Jury Trial:**

Plaintiffs have demanded a jury trial.  Defendants contest Plaintiffs' right to a jury trial on their equitable claim of unjust enrichment.

17. **Trial:**

The parties estimate that a trial in this case would take 3-4 days.

11

|   |   |
|---|---|
|   | Respectfully Submitted, |
|   | **FRED HEIDARPOUR** and **SIDNEY NAIMAN**, individually and on behalf of all others similarly situated, |
| Dated: August 24, 2020 | By: /s/ Taylor T. Smith |
|   | One of Plaintiffs' Attorneys |

Penny L Koepke
pkoepke@hoalaw.biz
Maxwell & Morgan, P.C.
4854 E. Baseline Road, Suite 104
Mesa, Arizona 85206
Tel: 480-833-1001
Fax: 480-969-8267

Patrick H. Peluso (*pro hac vice*)
ppeluso@woodrowpeluso.com
Taylor T. Smith (*pro hac vice*)
tsmith@woodrowpeluso.com
Woodrow & Peluso, LLC
3900 East Mexico Ave., Suite 300
Denver, Colorado 80210
Telephone: (720) 213-0675
Facsimile: (303) 927-0809

*Attorneys for Plaintif and the Class*


**ARCH INSURANCE COMPANY** and
**AFFINITY INSURANCE SERVICES, INC.**,

Dated: August 24, 2020        By: /s/ Michael N. Wolgin
                              One of Defendants' Attorneys

Markham R. Leventhal
DC Bar No. 489597
CARLTON FIELDS, P.A.
Suite 400 West
1025 Thomas Jefferson Street, NW

Washington, DC 20007
mleventhal@carltonfields.com
Telephone: (202) 965-8189

Julianna Thomas McCabe
FL Bar No. 355010
Michael N. Wolgin
FL Bar No. 42962
CARLTON FIELDS, P.A.
Miami Tower, Suite 4200
100 S.E. Second Street
Miami, Florida 33131
jtmccabe@carltonfields.com
mwolgin@carltonfields.com
Telephone: (305) 530-0050

Katelyn M. Sandoval
NY Bar No. 5580758
CARLTON FIELDS, P.A.
405 Lexington Avenue, 36th Floor
New York, New York 10174
ksandoval@carltonfields.com
Telephone: (212) 380-9630

*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above titled document was served upon counsel of record by filing such papers via the Court's ECF system on August 24, 2020.

/s/ Taylor T. Smith