1
2
3
4
5
6
7
8
9
10
11
12
13
14

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Fred Heidarpour, et al., | No. CV-20-00968-PHX-MTL |
| Plaintiffs, | **PROTECTIVE ORDER** |
| v. | |
| Affinity Insurance Services Incorporated, et al., | |
| Defendants. | |

15         Before the Court is the parties' Joint Stipulation for Entry of Protective Order
16 (Doc. 26). The Court recognizes that certain documents and information that may be sought
17 through discovery ("Materials" as defined below) in the above-captioned action ("Action")
18 will be considered confidential by the parties. The parties have agreed to be bound by the
19 terms of this Protective Order in this Action to facilitate document production and
20 disclosure, and to protect the respective interests of the parties and non-parties in their
21 confidential information. This Protective Order shall remain in effect unless modified
22 pursuant to the terms contained herein. Good cause appearing,

23         **IT IS ORDERED granting** the parties' Joint Stipulation for Entry of Protective
24 Order (Doc. 26).

25         **IT IS FURTHER ORDERED** that the Court enters the following Protective Order.
26 The following shall apply in this Protective Order:

27 **I.**     **Definitions**

28         A.     "Party" or "Parties" means the current Plaintiffs or Defendants in this Action

(including those listed in the caption above), and any plaintiff, defendant, or other party that may be joined in this Action.

B. "Non-Party" means any person or entity not a Party who produces documents or other information or provides testimony in response to a subpoena or other process in this Action.

C. "Material" is defined as documents, electronically stored information, records, tangible materials, testimony, responses to discovery, and other information produced by a Party or Non-Party in discovery in this Action.

D. "Confidential Material" is defined as Material that any Party or Non-Party considers in good faith to be confidential information relating to trade secrets, research, development, strategic planning, financial, commercial, confidential, sensitive or proprietary business or personal information (e.g., private medical information or private identifying information), which, if disclosed, might adversely affect the competitive position or business operations of the Party or Non-Party producing such materials, or invade the privacy rights of any person. Confidential Material includes any Protected Health Information (as defined below). Each Party or Non-Party that designates information or items for protection under this Protective Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.

E. The "Designator" is any Party or Non-Party who produces Material in this Action and designates any such Material as "CONFIDENTIAL."

F. "Protected Health Information" shall have the meaning set forth in §§ 160.103 and 164.501, being part of the implementing regulations of the Health Insurance Portability and Accountability Act of 1996.

## II. Designation of Materials as "Confidential"

A. Any Party or Non-Party who produces Material in the course of discovery in this Action may designate such Material as Confidential Material if that Party or Non-Party believes in good faith that the Material satisfies the definition of Confidential Material, as set forth in Paragraph I.D.

B.     The Designator shall mark the word "CONFIDENTIAL" on the face of each document and each page so designated at the time it is produced or served, or, in the case of Confidential Material contained in or on media other than paper, by affixing such a label to the information or by using its best efforts to identify the information as Confidential Material.

C.     In the event that a Party desires to designate specific answers or responses to interrogatories or requests for admission related to Confidential Material as "CONFIDENTIAL," then the Party shall insert the word "CONFIDENTIAL" in brackets at the beginning of the specific answer or response.

D.     In the case of depositions, designation of the portion of the transcript (including exhibits) that contains Confidential Material shall be made within thirty (30) days after receipt of the transcript by notifying all Parties in writing of the page and line numbers which have been designated as Confidential Material. In the absence of an agreement on the record or in writing, or an order of the Court to the contrary, all deposition testimony shall be deemed Confidential Material until the expiration of the aforementioned thirty (30) days.

E.     For purposes of this Action, no Party concedes that any Material designated by any other Designator as Confidential Material has been properly designated as Confidential Material. A Party shall not be obligated to challenge the propriety of the designation of Material as "CONFIDENTIAL" at the time made, and the failure to do so shall not preclude a subsequent challenge in this or any other action.  If a Party challenges a designation, it shall give written notice to the Designator, and the Party and the Designator shall attempt to resolve any challenge in good faith on an informal basis ("meet and confer").  If the challenge cannot be informally resolved, the Party challenging the designation may seek appropriate relief from the Court.  The Material shall continue to be treated as Confidential Material until the issue relating to the propriety of the designation has been resolved.

F.     Any Designator may, at any time, withdraw the "CONFIDENTIAL"

designation of any Material produced by that Designator.

G.     The inadvertent failure to designate or withhold any Material as confidential will not be deemed to waive a later claim as to its confidential nature, or to preclude the producing Party from designating such Material as confidential at a later date in writing and with particularity.  The Material shall be treated by the receiving Party as Confidential Material from the time the receiving Party is notified in writing of the change in the designation.

**III.     Use and Handling of Confidential Material**

A.     Confidential Material shall be used only for purposes of preparing for and litigating this Action (including appeals) and not for any other action or other purpose.

B.     Access to Confidential Material shall be closely controlled and limited to individuals who have a demonstrable and *bona fide* need to review it. Confidential Material shall not be revealed or disclosed, directly or indirectly, in any manner or in any form, to any person, entity, or judicial tribunal other than:

1.     Counsel of record and any other counsel for the Parties in this Action, members of their firms and associates, contract lawyers, paralegals, clerical staff, and other employees or agents of such counsel who are assisting in the conduct and/or management of this Action;

2.     In-house counsel of the Defendants, and paralegal, clerical, and other employees assisting in-house counsel;

3.     Party deponents, current and former employees, officers, members, or directors of Defendants who are assisting in the conduct of this Action;

4.     The United States District Court, the Court of Appeals, the Supreme Court of the United States, court personnel, court reporters, and any jury empaneled in this Action;

5.     Third party deponents and trial witnesses in this Action and their counsel for purposes of this Action;

6.     Consultants, experts, and outside litigation support personnel retained

by counsel for any Party to this Action to assist the Party in the preparation and/or litigation of this Action;

7.    Any mediator retained by the Parties or appointed by the Court, and employees of such mediator who are assisting in the conduct of the mediation;

8.    The person or entity that created or received the document or gave testimony designated as "CONFIDENTIAL"; and

9.    Others, if the Designator so agrees in writing or, for good cause shown, the Court so permits.

C.    Before any person described in Paragraphs III.B.5, III.B.6, III.B.7, and III.B.9 is given access to Confidential Material, the person shall review the Protective Order and agree in writing (by signing the Acknowledgement attached hereto as Exhibit A) to be bound by this Protective Order.  A copy of the Acknowledgement, together with a list of Confidential Material disclosed to the person and the date of disclosure, shall be retained by counsel disclosing Confidential Material until the conclusion of this litigation, including all appeals.

D.    If Confidential Material is to be disclosed during a deposition or trial, the agreement to be bound and consent to jurisdiction may be made on the record and under oath, rather than in writing. No person to whom Confidential Material is disclosed may disclose such Confidential Material to any person other than those persons described in Paragraph III.B., above.

E.    All persons who have access to Confidential Material at any time shall take all precautions necessary to prohibit access to such Confidential Material other than as provided for herein.

F.    Any summaries or copies of Confidential Material shall bear the appropriate legend set forth in Paragraph II.B., above, and shall be subject to the terms of this Protective Order to the same extent as the information or document from which such summary or copy is made.

G.    Nothing in this Protective Order shall be construed as automatically

permitting a party to file under seal. Before any party files any document under seal such party shall seek leave of Court and shall show "compelling reasons" (dispositive motion) or "good cause" (non-dispositive motion) for filing under seal. *See Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1179-80 (9th Cir. 2006); *see also Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096-97 (9th Cir.), cert. denied sub nom. *FCA U.S. LLC v. Ctr. for Auto Safety*, 137 S. Ct. 38 (2016). Leave of Court is not required to redact any information allowed to be redacted by the Federal Rules of Civil Procedure. Additionally, such party seeking to file under seal shall, within the applicable deadline, file a redacted, unsealed version of any motion, response or reply if such party is waiting for a ruling from the Court on filing an unredacted, sealed version of the same document. Further, no portion of the trial of the matter shall be conducted under seal.

H.   Within sixty (60) days after final termination of this Action (including any appeal or related proceedings in the United States District Court, Court of Appeals, and the Supreme Court of the United States), either by final judgment or settlement, all persons and entities in possession of Confidential Material (including copies and summaries of Confidential Material) shall either destroy the information and all copies thereof, or return the information and all copies to the Designator, at the election of the Designator. Notwithstanding the foregoing, counsel for each party may retain its file copy of any Confidential Material that it may use solely to defend itself against claims arising out of or relating to its participation in this Action or representation of one or more Parties. Counsel shall certify in writing upon request of the Designator that all Confidential Material, and copies and summaries thereof, have been handled in accordance with this paragraph.

**IV.   General Provisions**

A.   Nothing contained in this Protective Order shall restrict or limit any Party's right to present Confidential Material to a jury or a court during a trial or other hearing in this Action, and the Parties shall take reasonable steps to maintain the confidentiality of such information at a hearing or at trial in such manner as the Court may direct.

B.   If any Party receives a subpoena or request for the production of documents

in another action or proceeding which would include material designated hereunder as "CONFIDENTIAL," the Party receiving such subpoena or request for production shall, promptly and within ten (10) days of the receipt of such subpoena or request, notify the Designator of such subpoena or request so that the Designator may have the opportunity to object to such production in the other action or proceeding.

C.     A party shall serve a copy of this Protective Order with a subpoena for documents or deposition testimony that is directed to any Non-Party to this action.

D.     Neither this Protective Order, production or disclosure of Material under this Protective Order, nor designation or failure to designate Material under this Protective Order, shall constitute a waiver of the right of the Designator to maintain the trade secret status or confidentiality of that Confidential Material in other contexts.

E.     This Protective Order may be modified or amended by agreement of the Parties with the approval of the Court. To the extent that the Parties fail to agree on a modification proposed by any Party, nothing contained herein shall be deemed to preclude any Party from moving the Court, for good cause shown, for a ruling that modifies this Protective Order in any respect.

F.     Notwithstanding anything contained herein to the contrary, counsel shall be permitted to retain copies of all court filings, transcripts, exhibits, correspondence, and work product containing or reflecting Confidential Materials after final termination of this Action; provided, however, that they shall treat such materials as confidential.

G.     This Protective Order shall not be construed as waiving or prejudicing any right to assert a claim of privilege or objection as to relevance, admissibility, or other grounds for not producing Material or for contesting discovery.

H.     This Protective Order shall survive and continue to be binding after the conclusion of this Action, and this Court shall retain jurisdiction to enforce the provisions of this Protective Order.

I.     This Protective Order will become effective on the date of this Order. This Protective Order shall operate retroactively to the inception of this Action. Any Material

produced prior to the signing of this Protective Order shall be treated as Confidential upon designation as set forth above.

**V.    Provisions Regarding Protected Health Information**

A.    Notwithstanding any other terms or provisions of this Protective Order, the following paragraphs shall govern all documents and information falling within the definition of Protected Health Information (or "PHI") that is produced or supplied by any hospital, medical provider, insurer, or other Non-Party. This Protective Order constitutes a "qualified protective order" as defined in 45 C.F.R. § 164.512(e)(1)(v). Subject to compliance with the terms of this Protective Order and HIPAA, any Non-Party may disclose PHI to any requesting Party.

B.    This Protective Order applies to and restricts the further use and disclosure of all PHI as defined in HIPAA, including but not limited to, individually identifiable health information, including demographic information, relating to either (a) the past, present, or future physical or mental condition of an individual; (b) the provision of health care to an individual; or (c) the past, present, or future payment for health care provided to an individual which identifies the individual or with respect to which there is a reasonable basis to believe the information could be used to identify the individual.

C.    Any Party, witness, expert, attorney or other person or entity to whom PHI is disclosed by any Non-Party pursuant to this Protective Order for purposes of prosecuting or defending this Action are specifically prohibited from using or disclosing the PHI disclosed by the Non-Party for any purpose other than the prosecution or defense of this Action and are required to return or destroy any PHI that has been disclosed by any Non-Party (including all copies made) at the termination of this Action as required by HIPAA.

D.    Except as otherwise provided in Paragraphs III.B. of this Protective Order, PHI disclosed by Non-Parties shall not be disclosed to any individuals or entities not involved in this Action except upon further orders of the Court or upon grounds otherwise allowed under HIPAA. Disclosure of PHI from a Non-Party to individuals or entities involved in this Action shall be subject to Paragraph III.C. of this Protective Order.

E.      Nothing herein shall prevent any Party or Non-Party from objecting to any subpoena or discovery request on grounds other than HIPAA.  This Protective Order shall not be construed to restrict or limit the use, dissemination, or disposition by the Designator of its own information that it designates as "CONFIDENTIAL."

**VI.      Inadvertent Disclosure of Protected or Privileged Information**

A.      The inadvertent disclosure of Material covered by the attorney-client privilege or work-product protection shall be governed by Federal Rule of Evidence 502 and this Protective Order.

B.      If, in connection with the pending litigation, a Party (the "Disclosing Party") inadvertently discloses information subject to a claim of attorney-client privilege or work-product protection, or other applicable privilege or immunity (collectively, "Inadvertently Disclosed Information"), the disclosure of the Inadvertently Disclosed Information shall not constitute or be deemed a general or specific waiver or forfeiture of any claim of privilege, immunity, or work-product protection that the Disclosing Party would otherwise be entitled to assert with respect to the Inadvertently Disclosed Information and its subject matter in this or any other federal or state proceeding.

C.      If a claim of inadvertent disclosure is made by a Disclosing Party with respect to Inadvertently Disclosed Information, the receiving Party shall, within five (5) business days, return or destroy all copies of the Inadvertently Disclosed Information and provide a certification of counsel that all such Inadvertently Disclosed Information has been returned or destroyed.

D.      Within twenty-one (21) days of the notification that such Inadvertently Disclosed Information has been returned or destroyed, or within a different time upon written agreement of the Parties or order of the Court, the Disclosing Party shall produce a privilege log with respect to the Inadvertently Disclosed Information.

E.      The Disclosing Party retains the burden of establishing privileged or protected nature of any Inadvertently Disclosed Information.

**VII.      Limits of this Protective Order**

1    Nothing contained in this Protective Order, and no action taken pursuant to it, shall
2    prejudice the right of any Party to contest the alleged relevancy, admissibility, or
3    discoverability of the Material sought. Nor shall this Protective Order prevent any Party
4    from objecting to discovery that it believes to be otherwise improper.
5    Dated this 2nd day of October, 2020.

6

7

8                                               *Michael T. Liburdi*
9                                           Michael T. Liburdi
                                        United States District Judge
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**EXHIBIT A**

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Fred Heidarpour and Sidney Naiman, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>Arch Insurance Company and Affinity Insurance Services, Inc. d/b/a Aon Affinity, a Pennsylvania corporation,<br><br>Defendant. | Case No. CV-20-968-PHX-MTL<br><br><br>**ACKNOWLEDGMENT OF PROTECTIVE ORDER AND AGREEMENT TO BE BOUND** |

1.     I hereby acknowledge that I, _____, am about to receive information that is being supplied by one or more of the parties in the case of *Fred Heidarpour and Sidney Naiman, individually and on behalf of all others similarly situated v. Arch Insurance Company and Affinity Insurance Services, Inc. d/b/a Aon Affinity*, Case No. CV-20-968-PHX-MTL, pending in the United States District Court for the District of Arizona.

2.     I understand that the information is subject to the terms of a Protective Order. I hereby certify my understanding that such information is being provided to me pursuant to the terms and restrictions of the Protective Order.

3.     I have been given a copy of said Protective Order, have read it, and agree to be bound by its terms. I understand that information and any documentary material covered by the Protective Order (which includes any notes or other record that I make of such

material) shall not be disclosed to others, except those listed in paragraph III.B. of the Protective Order and under the terms set forth therein.

     4.      I declare under penalty of perjury that the foregoing is true and correct.

Signature:      _____

Print Name:    _____

Date:            _____